UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-6488-DDP (KK)** | Date: | July 30, 2019 |

Title: *Sarah Johnson v. People of the State of California*

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust

## I.
## INTRODUCTION

On July 21, 2019, petitioner Sarah Johnson ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus ("Petition"). ECF Docket No. ("Dkt.") 1. Petitioner challenges her 2018 conviction for assault with a deadly weapon. Id. at 2. This Court, having reviewed the Petition, finds the Petition is subject to dismissal because Petitioner has not exhausted her state remedies with respect to the grounds raised in the Petition. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address these issues.

## II.
## BACKGROUND

On June 6, 2018, Petitioner pled no contest in the Superior Court of California, County of Los Angeles ("Los Angeles County Superior Court") to assault with a deadly weapon in violation of California Penal Code section 245(a)(1) with a sentencing enhancement due to infliction of great bodily harm. Dkt. 1. at 2. Petitioner was sentenced to seven years in prison. Id. at 2.

On May 30, 2019, Petitioner filed her first habeas petition with this Court, Sarah Johnson v. People of the State of California, Case No. CV 19-4932-DDP-KK (the "First Petition").[1]  On June 11, 2019, this Court issued an Order to Show Cause why the First Petition should not be dismissed for failure to exhaust state remedies because it appeared Petitioner had not appealed her conviction or filed "any other petitions, applications, or motions with respect to th[e] conviction, commitment, or issue in any court."  Case No. CV 19-4932-DDP-KK, Dkt. 3.  Petitioner responded to the Court's Order by voluntarily dismissing the First Petition on June 21, 2019.  Id., Dkt. 4.

On June 26, 2019, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court.  Dkt. 1 at 5, 10-11.  On July 5, 2019, the Los Angeles County Superior Court denied that petition because it did not "allege, with particularity, the facts upon which relief is sought and include copies of reasonably available documents supporting the claim" and because the court found "nothing in the court record, or in the request filed by the Petitioner persuades [the] Court that the Petitioner's sentence should be recalled."  Id. at 10.

On July 21, 2019, Petitioner filed the instant Petition with this Court.

### III.
### THE PETITION IS A WHOLLY UNEXHAUSTED PETITION
### SUBJECT TO DISMISSAL

A state prisoner must exhaust her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented her claims in a petition to the California Supreme Court.  See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

In this case, Petitioner filed a habeas petition in the Los Angeles County Superior Court that was denied.  Dkt. 1 at 10-11.  However, Petitioner has not demonstrated that she has pursued review of that decision in the California Court of Appeal or California Supreme Court.  Id. at 5.  In addition, Petitioner has not demonstrated that she has pursued a direct appeal of her conviction in the California Court of Appeal or California Supreme Court.  Id. at 5-6.  Accordingly, it appears Petitioner's claim has not been ruled on by the California Supreme Court and the state courts have

---

[1] The Court takes judicial notice of its own records and files.  Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

not had an opportunity to carry out "one complete round" of the state's appellate process.  Thus, the Petition is a wholly unexhausted petition subject to dismissal.

## IV.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than August 20, 2019.**  Petitioner must respond to this Order pursuant to one of the options listed below.

**Option 1 - Petitioner May Explain The Petition Is Exhausted:**  If Petitioner contends she has, in fact, exhausted her state court remedies on the grounds raised in her Petition, she should clearly explain this in a written response to this Order to Show Cause.  Petitioner should attach to her response copies of any documents establishing that the grounds raised in the Petition are indeed exhausted.

**Option 2 - Petitioner May Request A Rhines Stay:**  Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present her unexhausted claims to state courts.  Id. at 276; Mena v. Long, No. 14-55102, (9th Cir. Feb. 17, 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support her request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics.  See id.  Petitioner should include any evidence supporting her request for a Rhines stay.

**Option 3 - Petitioner May Voluntarily Dismiss This Action Without Prejudice:**  Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.  The Court advises Petitioner, however, that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Caution:** Petitioner is cautioned that if she requests a stay and the Court denies the request for a stay, or if Petitioner contends that she has in fact exhausted her state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies.  **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to file a timely response to this Order will result in the Court dismissing this action with prejudice for her failure to comply with court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at her current address of record.**

**IT IS SO ORDERED.**